**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **G.D., M.D., C.Y., and V.Y.**

**No. 21-0583** (Raleigh County 19-JA-64, 19-JA-65, 19-JA-66, and 19-JA-67)

**MEMORANDUM DECISION**

Petitioner Mother E.E., by counsel Robert P. Dunlap II, appeals the Circuit Court of Raleigh County's July 20, 2021, order terminating her parental rights to G.D., M.D., C.Y., and V.Y.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brittany Ryerss-Hindbaugh, filed a response in support of the circuit court's order. The guardian ad litem, Lori J. Withrow, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for an extension of her post-adjudicatory improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2019, the DHHR filed an abuse and neglect petition alleging that petitioner physically abused the children and engaged in substance abuse that impaired her ability to properly parent. According to the petition, the DHHR implemented an in-home safety plan that required petitioner's boyfriend to vacate the home due to his excessive use of methamphetamine. Despite agreeing to this plan, petitioner's boyfriend was later discovered in the home. Petitioner also dropped the children off at a friend's home and left them for over one day. Because petitioner failed to cooperate with the safety plan, the DHHR removed the children from the home. Upon

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

removal, petitioner admitted that her boyfriend never left the home and that she did not take the DHHR seriously, stating that she was "a rebel."

Following the petition's filing, petitioner waived the preliminary hearing. At an adjudicatory hearing in June of 2019, petitioner stipulated to drug abuse and the allegations set forth in the petition. The court accepted the stipulation, adjudicated petitioner for abusing and neglecting the children, and granted her a post-adjudicatory improvement period. Following the granting of the improvement period, the multidisciplinary team ("MDT") formulated a case plan that required petitioner to attend parenting and life skills classes, in addition to substance abuse classes and drug screens at the local day report center. The case plan was clear that if petitioner missed a single substance abuse class or drug screen, she would be required to submit to inpatient substance abuse treatment. According to the case plan, petitioner had not been submitting to screens as required prior to the plan's formulation. The record shows that petitioner failed to appear for the MDT meeting in July of 2019 when the case plan was created. The following week, petitioner's counsel "r[a]n into [petitioner] on the street" and brought her and her boyfriend to the DHHR office to execute the plan. During this impromptu meeting, the DHHR questioned petitioner and her boyfriend about their failure to submit to screens. According to the record, the boyfriend "became loud and belligerent and left the MDT." Petitioner left with him without executing the case plan. Petitioner did not ultimately execute her case plan until November 14, 2019. Additionally, the record shows that petitioner's boyfriend was barred from accompanying her on visits with the children "due to his violent nature." Further, the boyfriend informed the DHHR that "if he had to go to inpatient rehabilitation[,] then he would not comply."

Over the next several months, the circuit court held review hearings and permitted petitioner's improvement period to continue. Additionally, at a hearing in January of 2020, the court granted petitioner a ninety-day extension of her post-adjudicatory improvement period. However, the record shows that during the improvement period, petitioner only sporadically submitted to drug screens and tested positive for alcohol on some screens. According to the DHHR, "it is difficult to tell whether [petitioner was] using regularly because screens have been missed." The DHHR also noted that petitioner's residence with her boyfriend was "not the ideal apartment complex for children to live" due to the entire complex having a cockroach infestation. The DHHR noted that a worker discussed with petitioner the idea of separating from her boyfriend, to which petitioner replied "that they are not splitting up and that she is getting a new worker and a new attorney."

In June of 2020, the court held another review hearing, during which it found that petitioner had not successfully completed her improvement period and terminated the same. The DHHR also moved to terminate petitioner's visitation with the children, but the court held that motion in abeyance. Following this hearing, petitioner moved for an additional extension of her post-adjudicatory improvement period; however, the record does not contain a ruling on that request. Thereafter, the proceedings underwent multiple continuances for several reasons.

It was not until July of 2021 that the court held the final dispositional hearing. Petitioner did not attend this hearing, although she was represented by counsel. This was in spite of the fact that petitioner's counsel spoke with her a few days prior to the hearing to remind her of the date and time of disposition. During the hearing, the DHHR proffered evidence that petitioner had not

remedied the conditions of abuse and neglect at issue, as evidenced by her continued failure to fully comply with drug screens and her refusal to attend inpatient substance abuse treatment despite her agreement as part of the case plan. The DHHR established that after it agreed to permit petitioner to attend outpatient services, she failed to attend. Additionally, the DHHR raised safety concerns regarding petitioner's apartment and her continued association with her boyfriend. According to the guardian, all of the children wished to remain in their current placements and at least two children expressed that they felt unsafe and scared to be alone with petitioner in her home. Based on the evidence, the court found that petitioner was unable to provide for the children's needs or properly care for them. The court also found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of petitioner's parental rights was necessary for the children's welfare. As such, the court terminated petitioner's parental rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in denying her motion for an extension of her post-adjudicatory improvement period because she took many positive steps toward completing her case plan that the DHHR never substantially acknowledged. It is unnecessary to address petitioner's specific arguments, however, because the controlling statute does not permit more than one extension to a post-adjudicatory improvement period. Syl. Pt. 5, *State ex rel. P.G.-1 v. Wilson*, -- W. Va. --, -- S.E.2d --, 2021 WL 5355634 (2021) ("West Virginia Code § 49-4-610(6) (eff. 2015) authorizes only *one* extension of a post-adjudicatory improvement period."). According to West Virginia Code § 49-4-610(6), "[a] court may extend any improvement period granted pursuant to subdivision (2) [governing post-adjudicatory improvement periods] of this section *for a period not to exceed three months*." (Emphasis added). Petitioner admits on appeal that her post-adjudicatory improvement period had already been

---

[2]The respective fathers' rights were also terminated below. The permanency plan for the children is adoption in their current foster homes.

extended for the full three months at a hearing in January of 2020. As such, the court was barred from granting petitioner an additional extension of the improvement period.

Petitioner also ignores the fact that West Virginia Code § 49-4-610(9) is clear that "[n]otwithstanding any other provision of this section, no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months." By the time of the dispositional hearing, the children had been in foster care for twenty-seven months, well in excess of the time allowed. Even taking into consideration delays caused by issues beyond petitioner's or even the circuit court's control, such as the COVID-19 pandemic, it is clear that further delay in the proceedings would have been inappropriate. Simply put, the record demonstrates overwhelmingly that granting petitioner an additional extension of her improvement would have been in error. As such, she is entitled to no relief.

Finally, petitioner argues that it was error to terminate her parental rights. However, this argument again relies on her assertion that she "demonstrated a course of action toward completion of her improvement period" that should have entitled her to an extension of her improvement period. Having already established that such an extension was not permissible, petitioner cannot be entitled to any relief predicated on this argument. On the contrary, the record overwhelmingly supports the court's findings that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her rights was necessary for the children's welfare. Other than asserting that she could have perhaps corrected these conditions if granted an additional extension of her improvement period, petitioner does not substantively challenge the court's findings on appeal. According to West Virginia Code § 49-4-604(c)(6), circuit courts may terminate parental rights upon such findings. Further, we have explained that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4. Here, petitioner offers only speculation that three additional months could have resulted in her full correction of the conditions of abuse and neglect, despite the evidence that she was unable to make substantial improvements during the twenty-seven months she received services. As such, we find no error in the court's termination of her parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 20, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: February 1, 2022


**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton